IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50819
Summary Calendar

_____

LARRY DON TILLIS,

Plaintiff-Appellant,

versus

TERRY FOSTER, WARDEN; JOY STOUT, LVN;
W.A. HOWELL; DAYLE LANCASTER; RICHARD
BARKLEY; STEVEN JEFFCOAT; LOUIS WARFIELD;
RONALD JORDAN; STEPHEN CAPERS,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Western District of Texas
(P-95-CV-57)

_____

July 26, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.[*]

PER CURIAM:

Plaintiff-appellant Larry Don Tillis (Tillis), a Texas prisoner proceeding *pro se* and *in forma pauperis*, appeals the dismissal under 28 U.S.C. § 1915(d) of his 42 U.S.C. § 1983 suit against various Texas Department of Criminal Justice personnel.

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The dismissal of the complaint insofar as it complained of a lack of proper medical care was clearly proper for the reasons given by the magistrate judge and the district court. The detailed allegations of the complaint negate the requisite deliberate indifference and have no tendency to show more than at most mere negligent, mistaken, and/or unsuccessful treatment or diagnosis. *Graves v. Hampton*, 1 F.3d 315, 319-20 (5th Cir. 1993); *Varnado v. Lynaugh*, 920 F.2d 278, 284 (5th Cir. 1990). Similarly, the claim that Tillis' sentence did not allow for hard labor was properly dismissed as frivolous. *See Wendt v. Lynaugh*, 841 F.2d 619, 620 (5th Cir. 1988).

However, neither the magistrate judge nor the district court addressed Tillis' claim again defendants Jordan, Capers, Barkley, and Jeffcoat relating to their forcing him to work, or disciplining him for not doing so, notwithstanding his back injury, which was aggravated thereby. These allegations arguably implicate a possible claim under the theory of *Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989). Moreover, while a *Jackson v. Cain*-type claim may not be fully pleaded in these portions of Tillis' complaint, *see Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994),[1] nothing in the complaint is inconsistent with, or suggests that Tillis could not properly plead, such a claim, and Tillis was not sent a questionnaire, did not have a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and was not afforded an opportunity to amend his complaint, which was dismissed with prejudice. Under all

---

[1]*See also Sandin v. Conner*, 115 S.Ct. 2293, 2297-2300 (1995).

these circumstances, we conclude that the section 1915(d) dismissal of these claims against Jordan, Capers, Barkley, and Jeffcoat was premature. *See Eason v. Thaler*, 14 F.3d 8 at 9-10 (5th Cir. 1994). Of course, further development of the allegations in this respect may reflect that these claims, too, are properly dismissable under section 1915(d). *See id*.

Accordingly, we affirm the dismissal of all claims except those above referenced against Jordan, Capers, Barkley, and Jeffcoat; as to the latter said claims, the dismissal is vacated and the cause is remanded for further proceedings not inconsistent herewith.

AFFIRMED in part; VACATED and REMANDED in part.